951 F.2d 351
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
T.J. THOMPSON, Defendant-Appellant.
 Nos. 91-1353, 91-2196.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1991.
 
 Before KENNEDY and BOGGS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 The defendant has filed a pro se notice of appeal from the denial of release pending appeal. He was convicted and sentenced to a term of 25 years of imprisonment on charges of conspiracy to distribute cocaine and cocaine base and being a felon in possession of a firearm. The defendant is represented by court-appointed counsel in an appeal from that conviction and sentence. (Case No. 91-1353). A motion for bail pending appeal was previously filed in Case No. 91-1353 and denied for failure to first seek bail from the district court. The denial of that motion was without prejudice to renewal of the motion if the district court denied bail.
 
 
 2
 Following denial of that motion, defendant moved the district court for release pending appeal. The district court entered an order denying bail on September 30, 1991. Within ten days the defendant mailed his notice of appeal from prison, and Case No. 91-2196 was docketed as a result.
 
 
 3
 Fed.R.App.P. 9(b) provides that upon the district court's denial of bail, the defendant may make a motion for release to the court of appeals if an appeal is pending. This rule suggests that release pending appeal is more properly resolved via a motion in the pending appeal rather than as the subject of a separate appeal. In either case, however, we conclude this defendant is not entitled to bail.
 
 
 4
 The criteria for bail pending appeal are set forth in 18 U.S.C. § 3143(b)(1) and (b)(2). Section 3143(b)(2), which was added to the bail statute by the Mandatory Detention Act of 1990, provides that a person found guilty of an offense described in 18 U.S.C. § 3142(f)(1)(A), (B), or (C) shall be detained. Section 3142(f)(1)(C) includes offenses for which a maximum term of ten years imprisonment or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 et seq. The defendant in the instant case was convicted under 21 U.S.C. § 846, and sentenced to well over ten years imprisonment. Therefore, detention pending appeal is mandatory under § 3143(b)(2). Pursuant to 18 U.S.C. § 3145(c), an individual subject to such detention might be entitled to application of the standard bail criteria if there are "exceptional reasons." In the instant case there appear to be no such circumstances. Further, the defendant's prior motion in this court, his motion in the district court, and the government's response to the motion in the district court all indicate that the bail criteria of 18 U.S.C. § 3143(b)(1) have not been met in this case.
 
 
 5
 Therefore, it is ORDERED that the district court's order denying the defendant release pending appeal is affirmed, and Case No. 91-2196 is dismissed. The appeal on the merits, Case No. 91-1353, shall continue on the docket.